IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROGER FOLTZ | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION No. 3:08-CV-0858-K |
| | § | |
| SMITH & WESSON CORPORATION, | § | |
|     Defendant. | § | |

**DEFENDANT SMITH & WESSON CORP.'S
REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

## I.     INTRODUCTION

Smith & Wesson Corp. (hereinafter "Smith & Wesson") has filed a Motion for Summary Judgment under Rule 56 of the Federal Rules of Civil Procedure. On February 2, 2009, Plaintiff filed his response and Brief in Opposition to the Motion. In his Response, Plaintiff makes it clear that he is proceeding on a failure-to-warn claim only. [See, p. 2 of the Brief in Opposition to Smith & Wesson's Motion for Summary Judgment, Document No. 21 ("Plaintiff's Brief").] However, this warning claim is fatally deficient and Smith & Wesson is entitled to the entry of summary judgment in its favor because:

1. There is no duty to warn where the risk was known to the Plaintiff;

2. Even if a duty is found to exist, Smith & Wesson gave a clear warning of the danger and risk of injury that users face if they place their hand in the vicinity of the B/C gap during firing. Thus, the warnings were adequate as a matter of law;

3. The Plaintiff ignored the warnings that were given by Smith & Wesson. Under the circumstances, the warnings claim fails since there is no competent, credible evidence to establish the causation elements of this claim; and

4. The lack of expert testimony is fatal to the Plaintiff's cause of action.[1]

## II.     THE UNCONTESTED AND UNDISPUTED FACTS

With discovery closed, and the Plaintiff now having submitted his opposition to the

---

[1] It goes without saying that the Plaintiff has the burden of proof on all of the essential elements of his claim. While Smith & Wesson has pointed out that the Plaintiff's warning claim falls short in four (4) discreet ways, the reality is that this Court needs to find only one in order to grant summary judgment.

Motion for Summary Judgment, it is interesting to step back and consider what are the uncontested and undisputed facts:

1. There is no evidence of any defect in the design of the Smith & Wesson 460 XVR Revolver. [Plaintiff's Brief p. 2, Document No. 21].

2. There is no evidence of any defect in the manufacture of the Smith & Wesson 460 XVR Revolver. [Id.]

3. The Owner's Manual for the Smith & Wesson 460 XVR Revolver alerted users that hot gas will be forced out from between the barrel and cylinder (the B/C gap) during firing. [See, Appendix to Defendant's Motion for Summary Judgment, p. 54, Document No. 19 ("Defendants' MSJ Appendix").]

4. Smith & Wesson warned users to keep their fingers away from the B/C gap during firing to prevent injuries caused by the hot gas emitted during firing. [Id.]

5. Roger Foltz knew, long before his accident, that gas is emitted from the B/C gap during firing. [Id. p. 33.]

6. While claiming to be ignorant of the extent of the possible damage, Foltz knew, long before this accident that leaving your non-shooting hand in the vicinity of the B/C gap during firing created a risk of personal injury. [Id.]

7. While now claiming that the warnings provided by Smith & Wesson were inadequate, there is no competent evidence to establish that Foltz ever bothered to read the warnings Smith & Wesson did provide regarding the inherent danger posed by the B/C gap. [Id., pp. 38a-38c.]

These undisputed facts dictate the entry of summary judgment since no duty to warn exists when the risk posed by a product is known to the Plaintiff. Since the facts unquestionably establish that the Plaintiff ignored the warnings that were provided, summary judgment has to be granted because any conclusion that some new or different warning would have altered the Plaintiff's behavior or caused him to act differently is pure speculation. Finally, the lack of expert testimony is fatal to the Plaintiff's claim since issues relating to the form, content and location of product warnings are not within the knowledge of the average lay person.

### III.   REPLY TO PLAINTIFF'S ARGUMENT

The Plaintiff has failed to come forward with evidence to establish a valid warning or marketing defect claim under Texas law.

### A. Smith & Wesson had no duty to warn.

In order to make a marketing defect claim, Plaintiff must first prove that Smith & Wesson had a duty to warn. Keene v. Sterm, Ruger & Company, Inc., 121 F. Supp. 2d 1063, 1069 (E.D. Tex. 2000). The existence of a duty to warn is a question of law that is ripe for determination by this Court on summary judgment. Whether a general duty to warn exists concerning handguns was thoroughly examined in the Keene case. There the court granted summary judgment in favor of the manufacturer noting that plaintiff "cites no Texas case that has imposed a duty to warn on manufacturers or sellers of handguns. This is because such a duty has never been imposed in Texas." Id. at 1069. The Plaintiff in this case has done no better where he has presented no cases, evidence, or argument, establishing that Smith & Wesson had a duty to warn.

The results of the Keene case are well grounded in Texas law. There is no duty to warn of dangers that are open and obvious or are commonly known. Caterpillar, Inc. v. Shears, 911 S.W. 2d 379, 382 (Tex. 1995). As a result, the duty to warn "is limited in scope, and applies only to hazards of which the consumer is just unaware." Id. at 382. In this case, the Plaintiff admits that he was aware that gas from the b/dc gap might cause injury. [See, Defendants' Appendix pp. 32-33, Document No. 19.] His only "defense" is to try and claim that he was unaware how dangerous this gas might be. Respectfully, this argument is non-sensical. It is akin to saying that the dangers of a knife are known and obvious, but the extent of the danger posed by a sharp knife is unknown.

As colorfully stated by Judge Buchmeyer in granting a motion for summary judgment in favor of another handgun manufacturer: "it is not necessary to tell a zookeeper to keep his head out of the hippopotamus' mouth." Patterson v. Gesellschaft, 608 F. Supp. 1206, 1209 n.7 (N.D. Tex. 1985). Here, there should be no requirement that a gun manufacturer tell an experienced user of a high powered, high caliber revolver that he should keep his fingers away from the B/C gap. The danger of a knife cutting someone is known and no warning of that obvious danger is

3

required.  Testimony by a plaintiff that he did not know how badly he might be cut does not change the fact that the risk or hazard of being cut was known.  The same logic applies here.  Foltz admits that he knew gas escapes from the B/C gap and that this gap might cause some injury.  His self-serving claim that he was unaware of how bad he might be hurt does not change the fact that the hazard was known and no duty exists under the law to warn of a known risk.

  **B. Smith & Wesson adequately warned of the danger posed by gas from the B/C gap when the revolver is misused.**

The Plaintiff's Response contains one glaring omission – he cites no evidence to establish that the warnings given by Smith & Wesson were inadequate.  While his Response attempts, without success, to address the duty and causation arguments raised in Smith & Wesson's Motion for Summary Judgment, he ignores this fundamental point – Smith &Wesson's Owner's Manual warns users of the very risk that allegedly caused Foltz's injury and he can cite no competent or credible evidence that this warning was inadequate.

The manual states in no uncertain terms:

### FIRING

**WARNING: ALWAYS KEEP YOUR FINGERS AWAY FROM THE AREA BETWEEN THE CYLINDER AND THE BARREL DURING FIRING. PARTICLES AND HOT GAS WILL BE FORCED OUT FROM BETWEEN THE BARREL AND CYLINDER IN ANY REVOLVER DURING NORMAL USE.**

[See, Defendants' Appendix p. 54, Document No. 19.]  As the party with the burden of proof, what evidence has been offered to suggest that this warning is inadequate?  Nothing.  There is no expert testimony suggesting the warning is deficient.  He offers nothing to establish that Smith & Wesson did not adequately convey the injury that might occur when the revolver is fired using improper shooting techniques.

Plaintiff cites the case of Stewart v. Transmit Mix Concrete and Materials Co., 998 S.W.2d 252 (Tex. App. – Texarkana 1998 pet. denied).  In his response, Plaintiff suggests that Stewart requires evidence on the following to establish that a warning is adequate:

4

(1) The warning must be in such form that it could reasonably be expected to catch the attention of the reasonably prudent in the circumstances of the product's use; and

(2) The content of the warning must be of such a nature to be comprehensible to the average user and to convey a fair indication of the nature and extent of the danger to the mind of a reasonably prudent person.

Id. Here, Smith & Wesson's Owner's Manual contained a warning of the very risk that Plaintiff alleges to have been the cause of his injury, *i.e.*, the location of his non-shooting hand near the B/C gap. In the face of this warning, the Plaintiff has not cited a single piece of evidence to suggest that the warning was not in a form sufficient to catch the attention of a reasonably prudent user. Moreover, they have failed to present a shred of evidence to suggest that the content of the warning was not comprehensible to the average user.

The reality is that the only "evidence" submitted by the Plaintiff is the self-serving Affidavit of Foltz himself. However, the Fifth Circuit Court of Appeals has long recognized that self-serving affidavits which contain nothing more than unsupported conclusions of law are insufficient to defeat a Motion for Summary Judgment. See, McCardle v. Dell Products, L.P., 293 Fed. Appx. 331, *336; 2008 U.S. App. LEXIS 20202 (September 22, 2008); see also, Clark v. America's Favorite Chicken Co., 110 F.3d 295, 297 (5th Cir. 1997) ("unsupported allegations or affidavit or deposition testimony setting forth ultimate or conclusory facts and conclusions of law are insufficient to defeat a motion for summary judgment").

The bottom line is that the self-serving conclusion of Foltz that the warning was allegedly inadequate is not the type of competent evidence necessary to meet the Plaintiff's burden of proof. Having failed to come forward with any meaningful, competent evidence to challenge the adequacy of the warning that was given, summary judgment must be entered.

    **C.**    **Plaintiff has presented no evidence that any deficiency in the warnings provided by Smith & Wesson caused his injuries.**

In order to survive summary judgment Plaintiff is required to come forward with some evidence that an alleged defect in the warning provided by Smith & Wesson <u>caused</u> his injury.

See, Simms v. Washex Mach. Corp., 932 S.W.2d 559, 562 (Tex. App.—Houston 1st Dist. 1995, no writ). Plaintiff has failed to meet this burden for two reasons: his own knowledge and experience and his failure to heed the warning provided by Smith & Wesson.

First, it is undisputed that Plaintiff knew (based on his own experience and decades of gun training and ownership) that a hazard existed if he placed his finger near the B/C gap. Plaintiff's subjective knowledge concerning the hazard presented by the B/C gap negates causation. Plaintiff admits that he knew about the hazard presented by the B/C gap and had suffered a prior minor injury when he fired a different revolver and placed his finger near the gap. See Deposition of Roger Foltz, Exhibit "C", Appendix p. 33, Document No. 19. The fact that Plaintiff ignored his own knowledge and experience shows that the warnings provided by Smith & Wesson had nothing to do with his injury and would not have changed Plaintiff's behavior.

In Wright v. Ford Motor Company, 508 F.3d 263 (5th Cir. 2007), the Fifth Circuit reviewed similar evidence and affirmed summary judgment in favor of the defendant manufacturer. In that case, plaintiffs' contended that their son's death was caused by Ford's failure to provide adequate warnings concerning the blind spot behind an SUV and the availability of an optional reverse sensing system. Id. 267-268. The district court had granted summary judgment in favor of Ford based on evidence that established that the SUV's owner's manual contained information and warnings concerning the hazard at issue and the testimony of the plaintiff that he also knew about the hazard and the options available on the Expedition before he purchased the vehicle. Id. at 275; see also, Hagans v Oliver Machinery Co., 576 F.2d 97, 102 (affirming directed verdict in favor of defendant because "a warning of dangers involved in using the saw would not have informed [plaintiff] of anything he did not already know").

Here, while Plaintiff's conclusory, self-serving Affidavit states that he would have heeded a different warning, his behavior shows something else. It is clear that he knew there

was a hazard associated with the B/C gap; he had hurt his finger before when he placed it near the B/C gap on another revolver; he had actually fired the subject weapon on the day of the accident so he knew the level of force that would be produced when he fired a round; and despite all that information he still proceeded to put his finger near the B/C gap and fire the revolver. Plaintiff's knowledge of firearms and the hazard presented by the B/C gap generally breaks any causal chain between the adequacy of the warnings provided by Smith & Wesson and Plaintiff's injuries on the day of the accident.

Second, Plaintiff's causation arguments are defeated by his own failure to read the warnings that were provided by Smith & Wesson. The 460 revolver was sold with a Safety and Instruction manual that contained a warning to "ALWAYS KEEP YOUR FINGERS AWAY FROM THE AREA BETWEEN THE CYLINDER AND THE BARREL DURING FIRING. PARTICLES AND HOT GAS WILL BE FORCED OUT FROM BETWEEN THE BARREL AND CYLINDER IN ANY REVOLVER DURING NORMAL USE." See Safety and Instruction Manual at Exhibit "D", Appendix 38a-38c, Document 19. It is undisputed that if Plaintiff would have followed this warning then his injuries would not have happened.

Texas courts have repeatedly rejected marketing defect claims where the plaintiff's injuries would have been avoided had the warning that was provided been followed. In General Motors v. Saenz, 873 S.W.2d 353, 359 (Tex. 1993), the Texas Supreme Court addressed the issue of "whether a manufacturer's failure to give adequate instructions for the safe use of its product can be the cause of an injury which would not have occurred if the instructions the manufacturer did give had not been ignored." The Texas Supreme Court found that: "[i]f despite the inadequacy of GM's instructions, following them would have prevented the accident, then their inadequacy could not have caused the accident." Id. at 359.

In Gillespie v. Century Products Co., 936 S.W.2d 50 (Tex. App.—San Antonio 1996, no writ), the San Antonio Court of Appeals was faced with another situation where a plaintiff had

7

failed to read warnings that would have prevented the accident. The court held that:

> The [plaintiffs] argument rests on the theory that had the label which was read adequately warned of how to place infants in the seat, such a warning would have been heeded. But the truth is that the [plaintiffs] simply failed to read all of the warnings that were provided. The [plaintiffs] offered nothing to show that had better warnings been provided the labels would have been read. Accordingly, we conclude there is no evidence in the record tending to support a causal link between the alleged inadequate warnings and [plaintiff's] death.

Id. at 53.

The same reasoning applies in this case where Plaintiff ignored the warnings that were provided with the 460 revolver that would have prevented Plaintiff's injury. While Smith & Wesson does not concede that the warnings provided were inadequate, it is clear that if the warnings given had not been ignored then Plaintiff would not have been injured. Simply put, the causation element of this claim fails because:

1. There is no competent evidence that Foltz read the warnings given by Smith & Wesson. Thus, it is pure speculation to suggest that some new warning would have made a difference;
2. Causation cannot be proven where the Plaintiff ignored the warnings that were given by Smith & Wesson; and
3. Allowing this claim to go to the jury would invite a verdict based on pure speculation.

Plaintiff's affidavit is no better than the evidence that was rejected in Gillespie and should be rejected in this case.

### D. Plaintiff's claims require expert testimony.

Plaintiff's response acknowledges that he has never designated any experts in this case and that he never intends to designate any experts. See Plaintiff's Response at 5. Plaintiff argues that the hazard at issue is "not outside the general experience of a layperson," therefore no expert testimony is needed. Id. Plaintiff's argument misconstrues the requirements needed to show that there was a duty to warn with the requirements needed to show that a warning actually given was inadequate.

Smith & Wesson agrees with Plaintiff that the hazard of particles being ejected out of the B/C gap is something that is easily understood and commonly known by the average user of the 460 revolver. That fact alone proves that Smith & Wesson had no duty to warn and is fatal to Plaintiff's claims in this case. Plaintiff's argument, however, does not address the issue of whether the warning provided was adequate or how the warning should have been rewritten to give him the information he claims he needed to know to keep his finger away from the B/C gap when he fired the gun. The feasibility of additional warnings, how those warnings should have been presented, and what those warnings should contain are all issues that require expert testimony. See, Goodyear Tire & Rubber Co. v. Rios, 143 S.W.3d 107 (Tex. App.—San Antonio 2004, pet. denied). Plaintiff's affidavit is insufficient to put any of these questions into issue, instead Plaintiff was required to come forward with some expert testimony explaining what was wrong with the warnings provided and how a different warning would have led to a different outcome.

There are a litany of issues in a strict liability, failure-to-warn case that are uniquely the subject of expert testimony. For instance:

1. If the warning provided by Smith & Wesson is insufficient, what type of warning should have been given?
2. What form should the warning have taken?
3. What manner and method should Smith & Wesson have used to convey that warning?
4. How would the new and different warning alter or effect behavior?
5. What standards apply to product warning and labeling?

Plaintiff would have the Court believe that all of these subject matters are within the general experience of a lay person. Even the case law cited by the Plaintiff demonstrates that this is a fallacy.

Plaintiff's reliance on the Driskell v. Ford Motor Co., 269 S.W.3d 199 (Tex. App.—Texarkana 2008, no pet.) and Krummel v. Bombardier Corp., 206 F.3d 548 (5th Cir. 2000) cases

is misplaced. Driskell was a design and manufacturing defect case that had nothing to do with the adequacy of warnings. There, the Texarkana Court of Appeals noted that "[e]xpert testimony 'is generally encouraged if not required to establish a products liability claim.'" Driskell, 269 S.W.3d at 204 (quoting Ford Motor Co. v. Ledesma, 242 S.W.3d 32, 42 (Tex. 2007)). Whether it is or is not required in a particular case is a question of law. Id. at 205. Applying those rules, the court concluded that expert testimony was needed for that case and affirmed the summary judgment in favor of the defendants.

Krummel is a warnings case, but it is based on an application of Louisiana law and it does not stand for the proposition argued by the Plaintiff. Krummel involved a dispute as to whether Bombardier should have included a warning concerning foot entrapment on a jet ski. The Fifth Circuit reversed the ruling of the district court and found that plaintiff had failed to prove that the warnings provided were defective. Krummel, 206 F.3d at 551. The Fifth Circuit specifically stated that "a layperson obviously could not have grasped the adequacy of the foot well design and the need, if any, for warnings." Id. at 552 n.4. Plaintiff's citation to the dissenting opinion's language that experts are not always needed for every marketing defect case is not the opinion of the Fifth Circuit and it is not binding on this Court in a case involving Texas law. The outcome in Krummel is consistent with the relief requested by Smith & Wesson in this case, which is that the issues raised by Mr. Foltz concerning the adequacy of the warnings provided by Smith & Wesson need to be supported by expert testimony in order to avoid summary judgment for Smith & Wesson. Plaintiff has failed to come forward with any expert testimony and will never be able to present any expert testimony at trial; therefore, Plaintiff's claims should be dismissed.

E.   **Prayer**

For the reasons set forth herein and in its Motion for Summary Judgment, Smith & Wesson Corp. respectfully requests its Motion for Summary Judgment be granted and all of Plaintiff's causes of action be dismissed in their entirety and with prejudice.

WHEREFORE, premise considered defendant Smith & Wesson Corp.'s request that this Court grant its Motion for Summary Judgment in its entirety; dismiss Plaintiff's negligence, strict liability and breach of warranty causes of action in their entirety and with prejudice; enter an Order Plaintiff takes nothing in this suit against Smith & Wesson Corp.; and for all other relief, both at law and in equity to which Smith & Wesson Corp. may show itself justly entitled.

Respectfully submitted,

By:   */s/ Jose M. Luzarraga*
Kurt C. Kern, Esq.
State Bar No.: 11334600
Jose M. Luzarraga, Esq.
State Bar No. 00791149
Hartline, Dacus, Barger, Dreyer & Kern LLP
6688 North Central Expressway, Suite 1000
Dallas, TX  75206
(214) 369-2100 Telephone
(214) 369-2118 Telecopier
kkern@hdbdk.com
jluzzaraga@hdbdk.com

Clem C. Trischler, Esq.
PA ID# 52957
Pietragallo, Gordon, Alfano, Bosick & Raspanti, LLP
One Oxford Centre, 38th Floor
Pittsburgh, PA  15219
(412) 263-2000 Telephone
(412) 261-5295 Telecopier
cct@pietragallo.com

**COUNSEL FOR DEFENDANT
SMITH & WESSON CORP.**

11

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing document has been forwarded to all known counsel of record in this cause in accordance with the Federal Rules of Civil Procedure on this 17th day of February 2009.

                                                                 /s/ *Jose M. Luzarraga*