IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ROGER FOLTZ,                          §
                                      §
            Plaintiff,                §
                                      §
v.                                    §          Civil Action No. 3:08-CV-0858-K
                                      §
SMITH & WESSON CORPORATION,           §
                                      §
            Defendant.                §

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Smith & Wesson Corporation's ("Smith & Wesson") Motion for Summary Judgment (Doc. No. 17). Plaintiff failed to present evidence that there was a duty to warn, presented no evidence on insufficiency of the warning, and failed to designate an expert witness. Consequently, Plaintiff cannot raise a genuine issue of material fact, therefore, the Court **GRANTS** Defendant's motion for summary judgment.

### I.       Factual and Procedural Background

On April 8, 2006, Plaintiff Roger Foltz ("Foltz") was at a shooting range on his deer lease in Goliad County, Texas. On that day he was firing a Smith & Wesson 460 revolver, which is a high powered, high caliber revolver. Foltz purchased the Smith & Wesson revolver on or about March 23, 2006. Before firing the revolver, Foltz steadied the revolver by wrapping his left, non-shooting hand underneath and around the firearm. In this position his left fingers were placed in the area between the cylinder and the barrel of the revolver. He fired, ejecting hot air between the cylinder and the barrel of

the revolver causing a portion of his left index finger to be "ripped off." Foltz underwent

two surgeries resulting in the removal of the remaining portion of his left index finger.

When Foltz purchased the revolver he received the Safety and Instruction

Manual. The manual contained the following boldfaced warning in all capital letters:

**FIRING**

**WARNING: ALWAYS KEEP YOUR FINGERS AWAY FROM THE
AREA BETWEEN THE CYLINDER AND THE BARREL DURING
FIRING. PARTICLES AND HOT GAS WILL BE FORCED OUT
FROM BETWEEN THE BARREL AND CYLINDER IN ANY
REVOLVER DURING NORMAL USE**

Foltz admits he did not read this warning before firing the gun. Foltz further

concedes that from his years of experience with firearms he was aware that dangerous

hot air escapes between the cylinder and the barrel of a revolver. Indeed, on another

occasion before April 2006, Foltz learned first-hand about the gases that escape between

the cylinder and the barrel of a revolver. On that particular day, he was shooting a

Ruger .357 revolver. He placed his non-shooting hand near the area between the

cylinder and the barrel. When he fired the revolver hot air escaped between the cylinder

and the barrel resulting in a minor nick or sting to a finger on his left hand.

Plaintiff filed this lawsuit on April 7, 2008, in Texas state court asserting claims

sounding in negligence, strict liability, and breach of warranty against Defendant.

Defendant removed to this Court based on diversity jurisdiction under 28 U.S.C. § 1332

because the Plaintiff is domiciled in Texas, Defendant is a corporation organized under

the laws of Delaware with its principal place of business in Massachusetts, and the

amount in controversy appears to exceed $75,000 excluding interest and costs. Defendant subsequently moved for summary judgment.  In response, Plaintiff opted to proceed solely on a failure to warn or marketing defect claim, thereby conceding or dropping his negligence, breach of warranty, and design and manufacturing defect claims.  Addressing the failure to warn claim, Defendant asserts that Plaintiff's failure to prove Defendant had a duty to warn of the risk, provide evidence on the insufficiency of the warning and establish that he read the warning, and designate an expert witness are fatal to Plaintiff's case.  The Court agrees.

## II.    Legal Standard

Summary judgment is appropriate when the pleadings, affidavits, and other summary judgment evidence show that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *U.S. Philips Corp. v. Iwasaki Elec. Co.*, 505 F.3d 1371, 1374 (Fed. Cir. 2007).  The moving party bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact.  *Celotex*, 477 U.S. at 322–25.  Once a movant makes a properly supported motion, the burden shifts to the nonmovant to show that summary judgment should not be granted; the nonmovant may not rest upon the allegations in the pleadings, but must support the response to the motion with summary judgment evidence showing the existence of a genuine fact issue for trial.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255–57 (1986).

In considering whether genuine issues of material fact exist, the court must determine whether a reasonable jury could return a verdict for the nonmoving party in the face of all evidence presented. *Id.* at 249. All evidence and reasonable inferences must be viewed in the light most favorable to the nonmovant. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

### III. Analysis

A federal court must apply the substantive law of the forum state in a diversity case. *Ideal Mut. Ins. Co. v. Last Days Evangelical Ass'n*, 783 F.2d 1234, 1240 (5th Cir. 1986). Consequently, Texas state law is controlling.

To establish a failure to warn claim under Texas law, five elements must be proven: (1) a risk of harm inherent in the product or which may arise from the intended or reasonably intended use of the product; (2) the product supplier actually knew or should have reasonably foreseen the risk of harm at the time the product was marketed; (3) the product contains a marketing defect; (4) the absence of a warning renders the product unreasonably dangerous to the ultimate user or consumer of the product; and (5) the failure to warn must constitute a causative nexus in the product user's injury. *Wright v. Ford Motor Co.*, 508 F.3d 263, 274–75 (5th Cir. 2007).

### A. Duty to Warn

In order to assert a marketing defect claim, Plaintiff must prove that Defendant had a duty to warn. *Keene v. Sturm, Ruger & Co., Inc.*, 121 F. Supp. 2d 1063, 1069 (E.D. Tex. 2000). Plaintiff has failed to do so.

In *Keene*, the court granted summary judgment in favor of the firearm manufacturer because a duty to warn "has never been imposed in Texas" on manufacturers or sellers of handguns. *Id.* at 1069. Moreover, Texas law imposes no duty to warn of dangers that are open and obvious or are commonly known. *Caterpillar, Inc. v. Shears*, 911 S.W.2d 379, 382 (Tex. 1995). As a result, the duty to warn "is limited in scope, and applies only to hazards of which the consumer is just unaware." *Id.* at 382. Plaintiff contends that although he was aware of the risk of injury from hot gases emitting from the area between the barrel and the cylinder, he was not aware of the severity of injury that could occur. Defendant argues, and the Court agrees, that Plaintiff's awareness of the dangers of injury from the hot gas emitting from the area between the barrel and cylinder is not precluded because Plaintiff was unaware of the extent of injury that might be caused. Cases applying Texas law have been unanimous in holding that there is no duty to warn of the obvious dangers of owning or selling a handgun. *See Perkins v. F.I.E. Corp.*, 762 F.2d 1250, 1275 (5th Cir. 1985) ("dangers of handguns are obvious and well-known"); *Patterson v. Gesellschaft*, 608 F. Supp. 1206, 1209 n. 7. (N.D. Tex. 1985) ("Although some commentators have argued that consumers must be warned about the dangers of handgun use and the possibility of handgun theft, . . . there is no duty to warn of 'dangers' that are obvious and commonly known. Obviously, it is not 'necessary to tell a zookeeper to keep his head out of the hippopotamus' mouth.'"). Defendant has no duty to warn of the dangers associated with the revolver, thus, summary judgment is appropriate.

-5-

## B.  Sufficiency of Warnings and Causation

Conclusory allegations supported by conclusory affidavits are insufficient to require a trial.  *Shaffer v. Williams*, 794 F.2d 1030, 1033 (5th Cir. 1986).  The nonmovant is required to come forward with specific facts to oppose a motion for summary judgment.  *See Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 888–89 (1990).  Opinions on the ultimate legal issue are examples of conclusions that do not satisfy the nonmovant's burden.  *Reese v. Anderson*, 926 F.2d 494, 499 (5th Cir. 1991).

Plaintiff failed to present competent evidence that the warning in the manual was insufficient.  The only evidence Plaintiff cited was his own affidavit containing conclusory statements that the owner's manual did not convey the nature and extent of any possible injury.  But, affidavits that contain nothing more than unsupported conclusions of law are insufficient to defeat a motion for summary judgment.  *See Clark v. America's Favorite Chicken Co.*, 110 F.3d 295, 297 (5th Cir. 1997) ("Unsupported allegations or affidavit or deposition testimony setting forth ultimate or conclusory facts and conclusions of law are insufficient to defeat a motion for summary judgment.").  Thus, by presenting only an affidavit containing conclusory facts, Plaintiff has presented no evidence that the warning in the manual was inadequate.

Furthermore, Plaintiff cannot establish that the Defendant's alleged failure to warn caused his injuries.  Texas courts reject marketing defect claims where the plaintiff's injuries would have been avoided had the warning provided been heeded.  *Gen. Motors v. Saenz*, 873 S.W.2d 353, 359 (Tex. 1993).  The Texas Supreme Court stated

that "[i]f despite the inadequacy of [the warning] instructions, following them would have prevented the accident, then their inadequacy could not have caused the accident." *Id.* at 359.   Additionally, failing to read the warnings provided negate the causal link between the alleged inadequate warnings and the user's injury.   *See Gillespie v. Century Prods. Co.*, 936 S.W.2d 50, 53 (Tex. App.—San Antonio 1996, no writ).

Plaintiff did not read the safety instructions in the manual informing him of the dangers of keeping his fingers away from the area between the cylinder and the barrel while firing the revolver.   Defendant contends that had Plaintiff heeded the warnings provided in the manual, Plaintiff's non-shooting hand would not be near the area between the cylinder and the barrel while firing the revolver.   Therefore, because Plaintiff failed to read the safety instructions regarding the hot gas released from the area between the barrel and the cylinder, Plaintiff cannot establish the necessary causal link between allegedly inadequate warnings and his injury to survive summary judgment.

### C.  Failure to Designate Expert

To recover on his failure to warn claim, Plaintiff must establish the warning in the manual was inadequate.   State law determines whether expert testimony is required to prove causation.   *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 884 (5th Cir. 2004).   Texas law requires expert testimony when a lay person's general experience and common sense will not enable that person to determine the issue.   *Kallassy v. Cirrus Design Corp.*, 265 Fed. Appx. 165, 166 (5th Cir. 2008); *Goodyear Tire & Rubber Co. v. Rios*, 143 S.W.3d 107, 118 (Tex. App.—San Antonio 2004, pet. denied).   In *Rios*, the

court determined that given the limited amount of space on a tire's sidewall and the many warnings and instructions pertinent to the operation, mounting, maintenance, and repair of a tire, that expert testimony was required, because a jury could not have determined, without the benefit of expert testimony, which, among many, warnings and instructions should be printed on a sidewall. *Rios*, 143 S.W.3d at 117–18.  In this case, a revolver—like a tire's sidewall—is limited in space.  Therefore, expert testimony is required to determine what warnings, if any, should be included on the firearm itself.

Moreover, Plaintiff argues that the warning in the owner's manual was not in such a form to catch the attention of a reasonably prudent person in the same circumstances. But, "[e]very warning can always be made bigger, brighter and more obvious." *Gen. Motors Corp. v. Saenz*, 873 S.W.2d 353, 360 (Tex. 1993).  It can always be argued that a single instruction should have been given more prominence and if it had, an accident might have been prevented.  *Id.*  When, as here, it is important to give a number of instructions concerning the operation of a revolver, not all of them can be printed on the revolver itself.

Consequently, Plaintiff cannot carry his burden of proof at trial without providing expert testimony on the issue of inadequate warnings.  The Court's Scheduling Order (Doc. No. 9) dated June 24, 2008, required Plaintiff to designate his expert witnesses on or before October 6, 2008.  Plaintiff did not designate any expert before the deadline and has made no attempt to designate an expert at any point since the deadline.  As a result of this failure Plaintiff does not present any expert evidence in response to

Defendant's motion for summary judgment.  Thus, Plaintiff is unable to raise a genuine issue of material fact on the issue of whether the warnings provided were inadequate making summary judgment appropriate as to his failure to warn claim.

### IV.    Conclusion

For these reasons the Court **GRANTS** summary judgment for Defendant on all claims and dismisses this action with prejudice by judgment filed today.  Furthermore any outstanding motions are **DENIED as moot.**

**SO ORDERED.**

Signed August 20th, 2009.

_Ed Kinkeade_
ED KINKEADE
UNITED STATES DISTRICT JUDGE